FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

2007 AUG 27  PM 3: 50

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

CLARENCE FISCHER,

        Plaintiff,

vs.                    Case No.  2:05-cv-414-FtM-34SPC

MAJOR FNU WAITE; ET AL.,

        Defendants.

_____

## OPINION AND ORDER[1]

### I.

    This matter comes before the Court upon review of the motions to dismiss filed on behalf of Defendants Soto (Doc. #80, Soto Motion) and Ciervo-Canizares (Doc. #92, Ciervo-Canizares Motion). Plaintiff filed responses to the Defendants' respective motions (Docs. #88, Soto Response; Doc. #100, Ciervo-Canizares Response). These matters are ripe for review.

### II.

    On August 29, 2005, *pro se* Plaintiff, a pre-trial detainee at the Lee County Jail, initiated this action by filing a motion for

---

[1]This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically. However, it has been entered only to decide the motions addressed herein and is not intended for official publication or to serve as precedent.

a temporary restraining order, which the Court denied.   (Doc. #1).
Plaintiff then filed a Civil Rights Complaint Form pursuant to 42
U.S.C. § 1983 (Doc. #5), which he subsequently amended on October
25, 2005.   (Doc. #10, Amended Complaint).   In summary, the Amended
Complaint alleges that the Defendants violated Plaintiff's First,
Sixth, Eighth, and Fourteenth Amendment rights under the United
States Constitution.   Amended Complaint at 14.[2]   Upon review of the
Amended Complaint, this Court dismissed the claims against a number
of the Defendants initially named.   See Orders at Doc. #36, Doc.
#95.   Accordingly, the following individuals remain as Defendants
in this action: Andrea D. Ciervo-Canizares (assistant state
attorney), Jennifer Soto (sergeant, Fort Myers Police Department),
Michael Waite (major, Lee County Sheriff's Office), Thomas Ellegood
(captain, Lee County Sheriff's Office), Scott Hall (lieutenant, Lee
County Jail), FNU[3] Gott (corporal, Lee County Jail), FNU Lusk
(detention officer, Lee County Jail), FNU Rone (corporal, Lee
County Jail), A. Sinibaldi (detention officer, Lee County Jail),
FNU Steinke (detention officer, Lee County Jail), and T. Ward
(sergeant).

The incident that gives rise to this action involves
Plaintiff's refusal to provide an additional set of fingerprints

---

[2]The page numbers referenced herein are those that appear as
scanned on the top of the page according to the Court's CM/ECF.

[3]"FNU" is the abbreviation for "first name unknown" provided
by the Clerk's Office.

while he was being held in custody at the Lee County Jail.   See
generally Amended Complaint at 16-27.   Plaintiff states that the
assistant state attorney, Defendant Ciervo-Canizares, collaborated
with Sergeant Soto of the Fort Myers Police Department and arranged
for Officer Marsiles[4] to obtain Plaintiff's fingerprints.   Id. at
16.   Then, Defendant Ciervo-Canizares contacted the Lee County
Sheriff's Office and in collaboration with Defendants Waite,
Ellegood, Scott, Hall, and Gilbert "tried to get Plaintiff to
submit to further fingerprinting."   Id.   Plaintiff claims that he
requested to speak to his defense counsel before submitting to
additional fingerprinting, but was denied access to his counsel.
Id. at 17.

When Plaintiff refused to submit to additional fingerprinting,
Defendant Gilbert told Plaintiff he would be "removed from
population" and asked Plaintiff "who he wanted to pack [his]
stuff."   Id. at 18.   After Plaintiff's removal from population,
Defendants Sinibaldi and Ward informed Plaintiff that Defendants
Gilbert and Waite removed Plaintiff's "privileges" "(i.e. hot
meals, showers, canteen, telephone, recreation, visitation, and
newspaper)."   Id. at 20, 22, 25-26.   Additionally, "[a]t 4:05 p.m,
[Sergeant] Gilbert came back to [Plaintiff's] cell with Officer
Sinibaldi and issued [Plaintiff] a disciplinary report (D.R.) for

---

[4]In response to Defendant Soto's Motion to Dismiss, Plaintiff
refers to this individual as Donna Mansell.   See Soto Response at
3.

Refusing an Order." Id. at 21. Plaintiff alleges that he was denied an adequate opportunity to contest the disciplinary report. Id. at 21. He further alleges that "[d]uring the first forty-eight (48) hours of being back in confinement [he] was forced to endure heavy and constant exposure to chemical agents (i.e. mace)," in spite of Plaintiff's health conditions. Id. at 22. Plaintiff avers that he advised Defendant "Gott and the other officers" about his health conditions to no avail. Id.

Lastly, Plaintiff complains that his defense counsel in the underlying state criminal trial, "had a hard time gaining admittance" to see Plaintiff. Id. at 24. He contends that jail officials only permitted counsel to see Plaintiff after counsel's third visit to the jail. Id. At that time, counsel informed Plaintiff that "he was being held behind the steel door without cause because there had never been a court order for the Plaintiff to submit to further fingerprinting. A motion for such was not filed by Mrs. Ciervo-Canizares until after the 23rd day of August 2005 and was not scheduled to be heard in court until October 10, 2005." Id. Based upon these allegations, Plaintiff seeks monetary damages and injunctive relief. Id. at 27.

### III.

In deciding a Rule 12(b)(6) motion to dismiss, the Court must limit its consideration to well-pleaded factual allegations,

documents central to or referenced in the complaint, and matters judicially noticed. <u>La Grasta v. First Union Sec., Inc.</u>, 358 F.3d 840, 845 (11th Cir. 2004). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. <u>Christopher v. Harbury</u>, 536 U.S. 403, 406 (2002); <u>Hill v. White</u>, 321 F.3d 1334, 1335 (11th Cir. 2003). However, the Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint. <u>Marsh v. Butler County, Ala.</u>, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001).

To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 512 (2002); <u>Dura Pharms., Inc. v. Broudo</u>, 125 S. Ct. 1627, 1634 (2005). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>See Bell Atlantic Corp. v. Twombly</u>, ____ U.S. _____, 127 S. Ct. 1955, 1965, 1968-69 (2007) (citations omitted) (abrogating <u>Conley v. Gibson</u>, 355 U.S. 41 (1957) and stating that <u>Conley</u> did not set forth the minimum standard governing a complaint's survival under a motion to dismiss, rather the case "described the breadth of opportunity to prove what an adequate complaint claims").

With respect to § 1983 cases that involve individuals entitled to assert qualified immunity, the Eleventh Circuit imposes

"heightened pleading requirements." <u>Swann v. Southern Health Partners, Inc.</u>, 388 F.3d 834, 836-838 (11th Cir. 2004)(citing <u>Leatherman v. Tarrant County</u>, 507 U.S. 163 (1993)); <u>Laurie v. Ala. Court of Crim. Appeals</u>, 256 F.3d 1266, 1275-76 (11th Cir. 2001). This heightened pleading standard requires a plaintiff to allege the facts supporting a § 1983 claim with some specificity. <u>See</u> <u>GJR Investments, Inc. v. County of Escambia</u>, 132 F.3d 1359, 1367, 1368 (11th Cir. 1998) (stressing "that the heightened pleading requirement is the law of this Circuit"). Dismissal is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. <u>Neitzke v. Williams</u>, 490 U.S. 319, 326 (1989); <u>Brown v. Crawford County, Ga.</u>, 960 F.2d 1002, 1009-10 (11th Cir. 1992).

IV.

In support of the Soto Motion, Defendant Soto argues that the Amended Complaint contains "wholly conclusory statements of fact and law that, even if proved, do not provide a basis for relief." Soto Motion at 2. Defendant Soto avers that there is no constitutional right that could have been violated by a law enforcement officer's request that Plaintiff submit to fingerprinting. <u>Id.</u> at 3. Accordingly, Defendant Soto requests

that the Court dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). <u>Id.</u> at 4.

In Response to the Soto Motion, Plaintiff admits that Defendant Soto "did not directly come to the jail." Soto Response at 3. However, Plaintiff asserts that Defendant Soto sent her co-worker, Donna Mansell,[5] to obtain Plaintiff's fingerprints, thereby violating Plaintiff's rights. <u>Id.</u> Plaintiff states that upon his arrest, he invoked his Fifth and Sixth Amendment rights. Plaintiff contends:

> Part of the invocation of these rights is that no local, state, and/or federal law enforcement agencies, including the State Attorney's Office, was [sic] permitted to have any contact with the plaintiff unless plaintiff['] s attorney was present and/or after the plaintiff had adequate consultation with his attorney.

<u>Id.</u> at 2. Further, Plaintiff alleges that Defendant Soto should have followed "proper procedures" and should have contacted Plaintiff's defense counsel to request that Plaintiff be fingerprinted. <u>Id.</u> at 5. Plaintiff avers that because he refused to waive his right to consult his attorney or have his attorney present for the fingerprinting, the "remaining defendants" decided to place him in confinement. <u>Id.</u> at 5.

Defendant Ciervo-Canizares also requests that the Court dismiss the claims against her in the Amended Complaint based upon Plaintiff's failure to state a claim upon which relief can be

---

[5]Plaintiff refers to this person as "D. Marsiles" in the Amended Complaint. <u>See</u> Amended Complaint at 9.

granted.   See generally Ciervo-Canizares Motion at 1-4.   In summary, Defendant Ciervo-Canizares cites to Schmerber v. California, 384 U.S. 757, 764 (1966), arguing that as a general rule compulsory fingerprinting when an individual is properly in custody does not violate the Constitution.  Ciervo-Canizares Motion at 5-6.  She submits that Defendants merely requested that Plaintiff submit to fingerprinting and when Plaintiff objected to fingerprinting without counsel, no fingerprints were taken.  Id. As further grounds for dismissal, Defendant Ciervo-Canizares argues that the Amended Complaint fails to demonstrate that Plaintiff exhausted his administrative remedies.  Id. at 7-8.  Specifically, Defendant Ciervo-Canizares notes that the two documents Plaintiff attaches to his Amended Complaint do not satisfy the exhaustion requirements  of the Prison Litigation Reform Act.  Id. at 8. Indeed, Defendant argues that Plaintiff "admits that he did not exhaust the grievance procedure available at the jail."   Id. (referencing page 4 of the Amended Complaint).  Next, Defendant Ciervo-Canizares raises the defense of absolute prosecutorial immunity, contending that she was acting "within the scope of her duties of an Assistant State Attorney" when she requested Plaintiff's fingerprints.  Id. at 9.  Finally, Defendant raises the defenses of Eleventh Amendment Immunity and Qualified Immunity. Id. at 10-11.

In response to the Ciervo-Canizares Motion, Plaintiff maintains that Defendant Ciervo-Canizares violated his Fifth and Sixth Amendment rights because the attempt to obtain additional fingerprints nine months after his intake at the jail "falls under a form of interrogation." Ciervo-Canizares Response at 4. Plaintiff notes that he had already provided one set of fingerprints to the jail upon intake. Id. at 10. Plaintiff argues that Defendant knew that the proper method for obtaining additional fingerprints was to obtain a court order and as such Defendant Ciervo-Canizares "'acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.'" Id. at 9. Further, Plaintiff contends that he did exhaust his administrative remedies and refers the Court to his Response to the Order to Show Cause.[6] Id. at 11.

V.

Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To state a claim under 42 U.S.C. § 1983, Plaintiff must allege that: (1) Defendants deprived him of a right secured under the United States

---

[6]Defendant Ciervo-Canizares refers the Court to page 4 of the Amended Complaint to support her argument that Plaintiff admitted he did not exhaust his administrative remedies. However, Plaintiff placed a checkmark next to the "yes" box on page 4, asserting that he **did exhaust.** See Amended Complaint at 4.

Constitution or federal law, and (2) such deprivation occurred under color of state law. <u>Arrington v. Cobb County</u>, 139 F.3d 865, 872 (11th Cir. 1998); <u>U.S. Steel, LLC v. Tieco, Inc.</u>, 261 F.3d 1275, 1288 (11th Cir. 2001).

The Supreme Court has soundly rejected the possibility of *respondeat superior* as a basis of liability in § 1983 actions. <u>Monell v. Dept. of Soc. Serv.</u>, 436 U.S. 659, 690-692 (1978). Instead, supervisory liability can be imposed under § 1983 "either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." <u>Brown v. Crawford</u>, 906 F.2d 667, 671 (11th Cir. 1990). Absent personal participation by a defendant, a plaintiff must show an affirmative causal connection between the defendant's acts and the alleged constitutional deprivation. <u>Harris v. Ostrout</u>, 65 F.3d 912, 917 (11th Cir. 1995). The causal connection can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so [,]" or when a custom or policy of the supervisor results in deliberate indifference to constitutional rights. <u>Cottone</u>, 326 F.3d at 1360 (quoting <u>Gonzalez v. Reno</u>, 325 F.3d 1228, 1234 (11th Cir. 2003)). "The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant

-10-

and of continued duration, rather than isolated occurrences."
Brown, 906 F.2d at 671. Alternatively, facts supporting an
inference that the supervisor directed the subordinates to act
unlawfully or knew that they would do so and failed to stop them
establishes a causal connection. Cottone, 326 F.3d at 1360
(quoting Gonzalez, 325 F.3d at 1234) (remaining citations omitted).

Liberally construing pro se Plaintiff's Amended Complaint,
Plaintiff claims that Defendants Soto and Ciervo-Canizares violated
his Fifth and Sixth Amendment rights under the United States
Constitution. Because Plaintiff was a pre-trial detainee when the
alleged incident occurred, it appears that he also claims
Defendants violated his Fourteenth Amendment rights.[7] See Bell v.
Wolfish, 441 U.S. 520 (1979) (defining the scope of constitutional
protection given to pre-trial detainees).

---

[7]"[W]here it is alleged that a pretrial detainee has been
deprived of liberty without due process, the dispositive inquiry is
whether the challenged condition, practice, or policy constitutes
punishment, '[f]or under the Due Process Clause, a detainee must
not be punished prior to an adjudication of guilt in accordance
with due process of law.'" Block v. Rutherford, 468 U.S. 576, 583
(1984) (citing Wolfish, 441 U.S. at 535) (footnote omitted). "[I]f
a particular condition or restriction of pretrial detention is
reasonably related to a legitimate governmental objective, it does
not, without more, amount to 'punishment'." Wolfish, 441 U.S. at
539. "[P]retrial detainees . . . retain at least those
constitutional rights that we have held are enjoyed by convicted
prisoners." Wolfish, 441 U.S. at 545. "'Lawful incarceration
brings about the necessary withdrawal or limitation of many
privileges and rights, a retraction justified by the considerations
underlying our penal system.'" Id. (quoting Price v. Johnston, 334
U.S. 266, 285 (1948)).

VI.

## A.  Defendant Ciervo-Canizares

The Court takes judicial notice of the fact that at the time

of the incident, Plaintiff had a state criminal charge of robbery

without a weapon pending before the Twentieth Judicial Circuit.

See www.leeclerk.org, case number 04-cf-016918.  Defendant Ciervo-

Canizares, the assistant state attorney pursuing the state criminal

charge against Plaintiff, raises, *inter alia*, prosecutorial

immunity as a defense to Plaintiff's claims.

In determining whether prosecutorial immunity applies, courts

look to "'the nature of the function performed, not the identity of

the actor who performed it.'" Rivera v. Leal, 359 F.3d 1350, 1353

(11th Cir. 2004) (quoting Forrester v. White, 484 U.S. 219, 229

(1988)).  "A prosecutor is entitled to absolute immunity for all

actions he takes while performing his function as an advocate for

the government." Rivera, 359 F.3d at 1353 (citing Buckley v.

Fitzsimmons, 509 U.S. 259, 273 (1993)).  The prosecutorial function

has been defined to include "the initiation and pursuit of criminal

prosecution . . . and most appearances before the court, including

examining witnesses and presenting evidence."   Id. (internal

citations omitted).   Prosecutorial immunity, however, does not

provide immunity to a prosecutor who is functioning as an

investigator.  Id.  "A prosecutor functions as an investigator when

he 'search[es] for the clues and corroboration that might give him

-12-

probable cause to recommend that a suspect be arrested.'" Id. (quoting Buckley, 509 U.S. at 273).   "'There is a difference between the advocate's role in *evaluating evidence* . . . as he prepares for trial . . . and the detective's role in searching for the clues . . . that might give him probable cause to recommend that a suspect be arrested.'" Id. (emphasis in original).

Although not determinative, courts recognize a distinction between those activities a prosecutor engages in prior to a probable cause determination and those taken after probable cause has been found. See Buckley, 509 U.S. at 274; Riveria, 359 F.3d at 1353-54. In Buckley, the Court rejected a claim of absolute prosecutorial immunity on behalf of prosecutors who examined a bootprint at a crime scene to determine if it was made by the suspect. See Buckley, 509 U.S. at 272-74. In doing so, the Court noted that at the time of their actions, the prosecutors did not have probable cause to charge the Defendant, rather their mission was "entirely investigative in nature." Id. at 274. The Court concluded that the prosecutors could not be acting as advocates for the government before there was probable cause to make an arrest. Id.

In the instant matter, the Court finds that Defendant Ciervo-Canizares is entitled prosecutorial immunity because she was acting within her prosecutorial function and as such the Court will grant Defendant Ciervo-Canizares' Motion to Dismiss.  Defendant Ciervo-

-13-

Canizares was not functioning as an investigator to solicit clues
to establish probable cause for an arrest.  Instead, she was acting
as an advocate well within the scope of her duties as an assistant
state attorney.

Here, Plaintiff was arrested and taken into the custody of the
Lee County Jail on November 13, 2004.  <u>See</u> www.leeclerk.org, case
number 04-cf-016918.  Plaintiff had his first appearance in state
court on November 15, 2004, and his arraignment on December 13,
2004.  <u>Id.</u>  Thus, a probable cause determination had been made long
before the request for prints took place in August 2005.  At this
stage of the criminal proceedings, Defendant Ciervo-Canizares was
acting as an advocate for the government in an ongoing criminal
prosecution.  Her request for an additional set of fingerprints at
this stage is akin to the actions of the prosecutor in <u>Rivera</u>, who
was entitled to prosecutorial immunity after obtaining and
reviewing drivers license records, not the actions of a detective
searching for clues.

Further, when Defendant declined to provide the additional
fingerprints, Defendant Ciervo-Canizares continued in her duties as
an advocate by filing a motion "to require the accused to submit to
fingerprints and palm prints," and a subsequent motion "to require
the accused to submit to palm prints."[8]  <u>See</u> www.leeclerk.org, case

---

[8]On November 8, 2005, the trial court held a hearing and
granted the motion for palm prints.

number 04-cf-016918, docket entries dated Sept. 9, 2005, and Oct. 27, 2005. Defendant Ciervo-Canizares' filing of these motions to obtain the additional fingerprints further evidences that Defendant Ciervo-Canizares was acting within her role as a prosecutor, not as an investigator. Indeed, Plaintiff concedes that Defendant Ciervo-Canizares was acting in her capacity as the assistant state attorney.[9] Amended Complaint at 1-2, 24; Ciervo-Canizares Response at 6. Consequently, the Court will grant Defendant Ciervo-Canizares' Motion to Dismiss on the basis that her actions were within the scope of her prosecutorial function and are protected by prosecutorial immunity.[10] Because the Court finds Defendant Ciervo-Canizares is entitled to absolute prosecutorial immunity, the Court will not address this Defendant's remaining arguments.

---

[9]Plaintiff alleges that Defendant Ciervo-Canizares mis-used her power as an assistant state attorney to request the officers take the additional set of prints. See Ciervo-Canizares Response at 3.

[10]Alternatively, even if Defendant Ciervo-Canizares' action was not within the scope of her prosecutorial function, then she would be entitled to qualified immunity. "Qualified immunity shields government officials who perform discretionary governmental functions from civil liability so long as their conduct does not violate any 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1280 (11th Cir. 2002) (citations omitted). Because the Court finds that the Amended Complaint does not state a Fifth or Sixth Amendment violation, then there is no violation of a clearly established law. As such, Defendant Ciervo-Canizares is, in the alternative, entitled to qualified immunity. See infra at 15-18.

**B. Defendant Soto**

The Court also finds that the Amended Complaint fails to state a claim upon which relief can be granted as to Defendant Soto. Plaintiff identifies Defendant Soto as a Sergeant with the Fort Myers Police Department. See Amended Complaint at 1, 7. Because Plaintiff does not allege personal participation by Defendant Soto, he must allege a causal connection between the actions of Defendant Soto and the alleged constitutional deprivation. Cottone, 326 F.3d at 1360. To that end, Plaintiff contends that Defendant Soto, in collaboration with Defendant Ciervo-Canzares, sent her co-worker, Donna Mansell, to obtain Plaintiff's fingerprints. Soto Response at 3. To the extent Plaintiff predicates liability on Defendant Soto for allegedly directing Officer Mansell (who is not a named defendant) to act unlawfully, the Amended Complaint contains no facts indicating that Officer Mansell acted unlawfully. Although the Amended Complaint alleges that Plaintiff's Fifth and Sixth Amendment rights were violated when the officer requested he submit to fingerprinting, Plaintiff admits that he "was never, at any time, ordered to give a set of fingerprints." Complaint, Exh. at 6.

The Fifth Amendment's privilege against self-incrimination "protects an accused only from being compelled to testify against himself, or otherwise provide the State with evidence of

testimonial or communicative nature." Schmerber, 384 U.S. at 761.

Accordingly, the United States Supreme Court has noted:

> [B]oth federal and state courts have usually held that it offers **no protection** against compulsion to submit to **fingerprinting**, photographing, or measurements, to write or speak for identification, to appear in court, to stand, to assume a stance, to walk, or to make a particular gesture. The distinction which has emerged, often expressed in different ways, is that the privilege is a bar against compelling 'communications' or 'testimony,' but that compulsion which makes a suspect or accused the source of 'real or physical evidence' does not violated it.

Id. at 764 (emphasis added). A police officer's request of an accused to submit to fingerprinting or photography does not constitute interrogation within the meaning of Miranda.[11] South Dakota v. Neville, 459 U.S. 553, fn 15 (1983)(holding that an officer's request of an accused to take a blood-alcohol test is analogous to requesting fingerprints and photographs)(citing Rhode Island v. Innis, 446 U.S. 291, 301 (1980)). Thus, Plaintiff's rights were not infringed upon because even if Plaintiff did voluntarily provide a second set of fingerprints, providing fingerprints is not covered by the privilege under the Fifth Amendment.

The provision in the Sixth Amendment relevant to the Complaint sub judice is the right of the accused in a criminal prosecution to have the assistance of counsel for the accused's defense. USCA Const. Amend. VI. The Court has construed this Sixth Amendment

---

[11]Miranda v. Arizona, 384 U.S. 436 (1966).

right to apply to all "critical stages" of the proceeding and
further "recognized that the period from arraignment to trial was
'perhaps the most critical period of the proceedings' during which
the accused 'requires the guiding hand of counsel' if the guarantee
is not to prove an empty right." <u>United States v. Wade</u>, 388 U.S.
218, 224-225 (1967) (citing <u>Powell v. Alabama</u>, 287 U.S. 45, 57
(1964)) (internal citations omitted).  However, the former United
States Court of Appeal for the Fifth Circuit previously concluded
that "the taking of a fingerprint exemplar is not such a critical
stage of the criminal proceeding as would entitle [a person] to the
assistance of counsel. <u>Pearson v. United States</u>, 389 F.2d 684, 686
(5th Cir. 1968).[12]  Thus, the Amended Complaint does not contain
facts to support a Fifth or a Sixth Amendment violation stemming
from the officer's request for voluntary fingerprinting.  Absent a
constitutional violation, Plaintiff cannot state a cause of action
against Defendant Soto.

ACCORDINGLY, it is hereby **ORDERED**:

1.   The motion to dismiss filed on behalf of Defendant Soto
(Doc. #80) is **GRANTED** for the reasons stated herein and the Amended
Complaint is dismissed without prejudice as to Defendant Soto.

---

[12]In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir.
1981) (en banc) the Eleventh Circuit adopted as binding precedent
all the decisions of the former Fifth Circuit handed down prior to
the close of business on September 30, 1981.

2.   The motion to dismiss filed on behalf of Defendant Ciervo-Canizares (Doc. #92) is **GRANTED** and the Amended Complaint is dismissed without prejudice as to Defendant Ciervo-Canizares.

3.   The **Clerk of Court** shall enter judgment accordingly and correct the caption of the case.

**DONE AND ORDERED** in Fort Myers, Florida, on this 22ᴺᴰ day of August, 2007.

_Marcia Morales Howard_
MARCIA MORALES HOWARD
UNITED STATES DISTRICT JUDGE

SA: alj
Copies: All Parties of Record

-19-