```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION
```

CLARENCE FISCHER,

                Plaintiff,

vs.                              Case No. 2:05-cv-414-FtM-99SPC

MAJOR FNU WAITE; CAPTAIN THOMAS ELLEGOOD; LIEUTENANT SCOTT HALL; SERGEANT BRAD GILBERT, SERGEANT T. WARD, CORPORAL FNU GOTT, CORPORAL FNU RONE, OFFICER FNU LUSK, OFFICER A. SINIBALDI, OFFICER FNU STEINKE,

                Defendants.
_____

## **OPINION AND ORDER**

**I.**

This matter comes before the court upon review of Plaintiff's "Motion for Summary Judgment" (Doc. #124, Pl's Mot. SJ) and attached exhibits (Doc. #124-1, Exh.), filed April 24, 2008. Defendants filed a Response (Doc. #126, Response) on May 7, 2008. After the Court granted Plaintiff leave to file a Reply (doc. #133), he filed a Reply (Doc. #134). This matter is ripe for review.

On August 29, 2005, *pro se* Plaintiff, a pre-trial detainee at the Lee County Jail, initiated this action by filing a motion for a temporary restraining order, which the Court denied. (Doc. #1). Plaintiff then filed a Civil Rights Complaint Form pursuant to 42 U.S.C. § 1983 (Doc. #5), which he subsequently amended on October 25, 2005. Doc. #10, Amended Complaint. In summary, the Amended

Complaint alleges that the Defendants violated Plaintiff's First, Sixth, Eighth, and Fourteenth Amendment rights under the United States Constitution. Amended Complaint at 14.[1] Upon review of the Amended Complaint and Motions to Dismiss, this Court dismissed the claims against a number of the Defendants initially named. See Orders at Doc. #36, Doc. #95, Doc. #109. The remaining Defendants, except Defendant Gilbert who filed a Motion to Dismiss, filed their Answers and Affirmative Defenses. See Doc. #79. Accordingly, the following individuals remain as Defendants in this action: Waite, Ellegood, Hall, Gilbert, Gott, Lusk, Rone, Sinibaldi, Steinke, and Ward (the "Law Enforcement Defendants"). See docket.

## II.

The incident that gives rise to this action involves Plaintiff's refusal to provide an additional set of fingerprints while he was in custody at the Lee County Jail. See generally Amended Complaint at 16-27. Plaintiff states that the assistant state attorney Ciervo-Canizares collaborated with Sergeant Soto of the Fort Myers Police Department and arranged for Officer Marsiles[2] to obtain Plaintiff's fingerprints. Id. at 16. When Plaintiff refused to submit to additional fingerprinting, Defendant Gilbert told Plaintiff he would be "removed from population" and asked

---

[1]The page numbers referenced herein are those that appear as scanned on the top of the page according to the Court's CM/ECF.

[2]In response to Defendant Soto's Motion to Dismiss, Plaintiff refers to this individual as Donna Mansell. See Soto Response at 3.

Plaintiff "who he wanted to pack [his] stuff." Id. at 18. After Plaintiff's removal from population, Defendants Sinibaldi and Ward informed Plaintiff that Defendants Gilbert and Waite removed Plaintiff's "privileges" "(i.e. hot meals, showers, canteen, telephone, recreation, visitation, and newspaper)." Id. at 20, 22, 25-26. Additionally, "[a]t 4:05 p.m, [Sergeant] Gilbert came back to [Plaintiff's] cell with Officer Sinibaldi and issued [Plaintiff] a disciplinary report (D.R.) for Refusing an Order." Id. at 21. Plaintiff alleges that he was denied an adequate opportunity to contest the disciplinary report. Id. at 21. He further alleges that "[d]uring the first forty-eight (48) hours of being back in confinement [he] was forced to endure heavy and constant exposure to chemical agents (i.e. mace)," in spite of Plaintiff's health conditions. Id. at 22. Plaintiff avers that he advised Defendant "Gott and the other officers" about his health conditions to no avail. Id. Based upon these allegations, Plaintiff seeks monetary damages and injunctive relief. Id. at 27.

### III.

Plaintiff moves for summary judgment arguing that there is "no question of material fact" in this case. See generally Pl's Mot. SJ. Plaintiff states that the Law Enforcement Defendants took him to the intake area of the jail to have Donna Mansell, from the Florida Department of Law Enforcement, take his fingerprints. Pl's Mot. SJ at 3. Plaintiff also states that Defendants "claim" they

had an "order" to have Plaintiff submit to fingerprinting and his failure to comply resulted in him receiving a disciplinary report. Id. Plaintiff argues, however, that the "[Law Enforcement] [D]efendants have failed to provide to the [P]laintiff or this Court . . . a copy of that order which [sic] they rely upon."[3] Id. Attached to Plaintiff's Motion for Summary Judgment, is an FDLE form dated August 17, 2005, requesting Plaintiff's finger and palm prints for purposes of comparison. See Exh. at Doc. #124-2 at 1. Plaintiff argues that the fingerprints were not related to his incarceration at the Lee County Jail. Pl's Mot. SJ at 4. Instead, Plaintiff argues FDLE's request for Plaintiff's fingerprints without the presence of Plaintiff's counsel violated his constitutional rights. Id. at 4-5.

Plaintiff further argues that his Amended Complaint establishes a causal connection between the Defendants and the alleged constitutional violation because on the morning of the incident "Gilbert stated . . . that he talked to [Lieutenant] Hall and [Captain] Ellegood and was told, per Major Waite, to take the [P]laintiff out of population and remove all of the [P]laintiff's privileges until he submitted a set of fingerprints." Id. at 5-6. Plaintiff alleges that he told Defendant Ward about the incident, but he did not take corrective action. Id. Additionally,

---

[3]Plaintiff notes that the assistant state attorney did not receive an order from the state court for his fingerprints until after the incident *sub judice*. Pl's Mot. SJ at 3.

Plaintiff attributes liability on Defendants Lusk and Sinibaldi claiming that they violated his due process rights because he was suppose to have a minimum of 24 hours to prepare his defense after receiving the disciplinary report according to the county jail's operating procedures. Id. Plaintiff claims he had only 5 hours, 17 minutes to prepare a defense for his disciplinary hearing. Id. Plaintiff claims Defendant Rone also denied him "privileges." Id. at 7.

In Response, Defendants summarize the case in one sentence stating, "[t]he gist of Plaintiff's entire case is that Defendants improperly disciplined him for failing to provide finger or palm prints." Response at 2. Defendants assert that they are entitled to qualified immunity. Id. at 6-8. Defendants also argue that they are entitled to summary judgment as the Amended Complaint does not state a constitutional violation. Id. at 8. In particular, Defendants reply on Padgett v. Donald, 401 F.3d 1273 (11th Cir. 2005) and argue that they were entitled to discipline Plaintiff, within constitutional boundaries, for his failure to comply. Id. at 2. In Reply, Plaintiff attempts to distinguish Padgett from the facts of his case. Reply at 2. Plaintiff also argues that the Defendants are not entitled to qualified immunity. Id. at 2-3.

**IV.**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact."

Fed. R. Civ. P. 56(c). An issue is "genuine" if there is sufficient evidence such that a reasonable jury could return a verdict for either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if it may affect the outcome of the suit under governing law. Id. The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). If there is a conflict in the evidence the non-moving party's evidence is to be believed and all reasonable inferences must be drawn in favor of the non-moving party. Shotz v. City of Plantation, Fl., 344 F.3d 1161, 1164 (11th Cir. 2003). Conclusory allegations based on subjective beliefs, however, are insufficient to create a genuine issue of material fact. Leigh v. Warner Bros., Inc., 212 F.3d 1210, 1217 (11th Cir. 2000). In the summary judgment context, the Court must construe *pro se* pleadings more liberally than those of a party represented by an attorney. Loren v. Sasser, 309 F.3d 1296, 1301 (11th Cir. 2002).

**V.**

In summary, Plaintiff argues that his constitutional rights were violated when he incurred a disciplinary report, hearing, and

subsequent removal of privileges as a result of his noncompliance with the Defendants' request that he submit to fingerprinting per FDLE's request. The Court agrees with Plaintiff that there remains no issue of material fact in this case. The Defendants are entitled to the entry of summary judgment in their favor. See, e.g., Stoute v. Mink, 232 Fed. Appx. 881 (11th Cir. 2007)(where court affirmed partial grant of summary judgment in favor of the non-moving party).

### A.  Fingerprints or Palm Prints without Counsel's presence

Liberally construing the *pro se* pleadings, it appears Plaintiff argues that the Defendants violated his rights by asking him to provide his finger and/or palm prints without the presence of his defense counsel. See Amended Complaint at 16; Pl's Mot. SJ at 4-5; Doc. #124-2 at 3 (writing the word "violated" with an arrow pointing towards the language "with instructions that they [local, State and Federal law enforcement agencies] have no contact with me [Plaintiff] unless [his] attorney is present.").[4] The Court

---

[4]"The defense of qualified immunity completely protects government officials performing discretionary functions from suit in their individual capacities unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Gonzalez v. Reno, 325 F.3d 1228, 1233 (11th Cir. 2003) (quoting Hope v. Pelzer, 536 U.S. 730 (2002)). Defendants cite Padgett v. Donald, 401 F.3d 1273 (11th Cir. 2005) by analogy, noting that the Eleventh Circuit Court of Appeals previously ruled that the forcible extraction of saliva from incarcerated prisoners did not violate the prisoners' rights. Response at 8. The Eleventh Circuit discussed in dicta that the statute at issue provided that the "[i]nmates that refuse to submit
(continued...)

previously addressed this argument and entered an Order (Doc. #109) denying relief on this ground.  See Order at 17-18 (finding "'the taking of a fingerprint exemplar is not such a critical stage of the criminal proceeding as would entitle [a person] to the assistance of counsel.'").  The Court reaffirms its Order.  There remains no issue of material fact as to this issue and Defendants are entitled to the entry of summary judgment in their favor.

### B. Disciplinary Hearing and Removal of Privileges

Plaintiff also argues that Defendants violated his due process rights during the disciplinary report proceedings.  In particular, he argues that he had insufficient time to prepare for the disciplinary hearing.  As a result from the outcome of the proceedings, Plaintiff claims his privileges (including hot meals,

---

[4](...continued)
to the procedure are subjected to disciplinary reports followed by hearings and possible disciplinary action."  Padgett, 401 F.3d at 1275-76.  The Eleventh Circuit upheld the statute.  Id. at 1282.  Plaintiff argues that Padgett is distinguishable from his case considering he is a pre-trial detainee and his case does not involve extraction of DNA .  Reply at 2.  Plaintiff further argues that the Defendants violated Padgett as he was placed in segregation first and then had a hearing.  Id. at 3.  The Court could not find any case law supporting Plaintiff's arguments.  A requirement that jails must hold a hearing *prior* to separating an inmate from other inmates seems unrealistic.  Indeed, the Eleventh Circuit Court of Appeals found in one case that placing an inmate in segregation for 28 days prior to a hearing stated a constitutional claim.  Wallace v. Hamrick, 229 Fed. Appx. 827 (11th Cir. 2007).  Based on the Court's review, the Defendants would be entitled to qualified immunity in this case because the alleged violation is not a violation of clearly established constitutional right.

"showers," "canteen," telephone, recreation, visitation, and newspaper) were removed.

The Court recognizes that prison disciplinary proceedings are not part of a criminal prosecution, and therefore the full panoply of rights that are due a defendant in a criminal proceeding does not apply. Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (citation omitted). "In sum, there must be mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application." Id. The United States Supreme Court held "that written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." Id. at 564. Further, the Court held that "[a]t least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the [disciplinary committee]." Id. The Court further explained "there must be a 'written statement by the fact finders as to the evidence relied on and reasons' for the disciplinary action." Id. (quoting Morrissey v. Brewer, 408 U.S. 471, 489 (1972)). The Court also noted "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals. Id. at 566.

Here, Plaintiff argues that the Defendants did not allow him 24 hours to prepare his defense before the disciplinary hearing as required by the county jail's operating procedures. Amend. Complaint at 21; Pl's Mot. SJ at 6. The record belies these allegations. Defendants direct the Court to Plaintiff's "disciplinary committee report" form, filed as an attachment to his Complaint. Doc. #5-2 at 7. The request for Plaintiff's fingerprints took place on August 23, 2005, and Plaintiff was given a disciplinary report for not complying on that same day. See Amend. Complaint at 14, 20-21 (noting "[a]t 4:05 pm, Sgt. Gilbert came back to my cell with Officer Sinibaldi and issued me a disciplinary report (D.R.) for Refusing an Order."); Doc. #124-2 at 5. The disciplinary committee report indicates that Plaintiff's hearing took place on August 25, 2005, at 9:30 am.[5] Doc. #5-2 at 7. Thus, according to the record, Plaintiff had approximately two days from the date he received the disciplinary report to the date of the hearing. The disciplinary committee report form indicates that Plaintiff told the committee that he was not guilty. Id. The committee found him guilty and assigned him to thirty days in "dc" and removal of his privileges. Id. Plaintiff does not contend that the committee report he filed is inaccurate. The record

---

[5]Defendants state that the disciplinary committee report form indicates that the hearing occurred on August 28, 2005. Response at 5. While the form was not clearly printed, it appeared to the Court that the hearing occurred on the 25th of August. See Doc. #124-2 at 5.

clearly establishes that Plaintiff had notice as he was issued a disciplinary report and had time to prepare for the hearing. The hearing then took place with Plaintiff present and the committee found Plaintiff guilty of not following the officers' instruction to provide finger and/or palm prints. With regard to the loss of privileges, the Court gives great deference to jail authorities in determining their regulations and does not find that the situation Plaintiff explains amounts to a constitutional violation.[6] Based the record, there remains no question of material fact as to this issue and Defendants are entitled to summary judgment in their favor.

**C. Use of Chemical Agents**

The Amended Complaint also alleges that during Plaintiff's first forty-eight hours in disciplinary confinement, he "was forced to endure heavy and constant exposure" to mace. Amend. Complaint at 22. Defendants argue that Plaintiff has presented no evidence in support of his claims concerning his exposure to mace. Response at 5. Plaintiff does not respond to Defendants' argument in his Reply. See generally Reply.

---

[6]A court previously found solitary confinement and similar circumstances did not violate the Eighth Amendment. In discussion, the court noted: "Loss of privileges [deemed one of the most effective methods of controlling the prisoner's behavior]- Includes such measures as loss of recreation time, commissary privileges, movies, T.V., and other leisure time activities." Novak v. Beto, 453 F.2d 661, 667 (5th Cir. 1971).

-11-

It is not *per se* unconstitutional for guards to spray mace at prisoners confined in their cells. Daley v. Allen, ____ F.3d ____, Case No. 07-12328, 2008 WL 3874672 *5 (11th Cir. 2008) (stating "[p]epper spray is an accepted non-lethal means of controlling unruly inmates."). To determine whether force was applied "maliciously and sadistically," courts consider the following factors: "(1) the extent of injury; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) any efforts made to temper the severity of a forceful response; and (5) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them." Campbell v. Sikes, 169 F.3d 1353, 1375 (11th Cir. 1999) (quotations and citations omitted). Here, the record fails to support a claim for excessive use of force based on the use of chemical agents. The Amended Complaint neither alleges who purportedly sprayed him with the mace, nor does it contain any other facts describing the alleged use of chemical agents. See id. Also, none of the attached grievances Plaintiff filed with the Complaint or exhibits to his Motion for Summary Judgment concern the alleged spraying. As such, the record does not contain sufficient facts to evaluate the relevant factors in an excessive use of force claim. Plaintiff fails to meet his burden as the moving party and his motion is due to be denied as to this claim.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff's Motion for Summary Judgment (Doc. #124) is **DENIED,** but summary judgment is entered in favor of the Defendants.

2. Defendant Gilbert's Motion to Dismiss (Doc. #117) is **DENIED as moot.**

3. The Clerk of Court shall: (1) terminate any pending motions, (2) enter judgment accordingly, and (3) close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this __16th__ day of September, 2008.

_____
JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record